Filed 4/24/23  P. v. Ellis CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D081219 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD156047) |
| JUSTIN CARLYLE ELLIS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Lisa R. Rodriguez, Judge.  Affirmed.

Justin Carlyle Ellis, in pro. per.; and Sally Patrone, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2000, Justin Carlyle Ellis committed a robbery using a pellet gun. He ultimately pleaded guilty to one count of robbery (Pen. Code,[1] § 211). Ellis admitted a deadly weapon enhancement (§ 12022, subd. (b)(1)) and admitted three strike priors (§ 667, subds. (b)-(i)) and one serious felony prior

---

[1]   All further statutory references are to the Penal Code.

(§ 667, subd. (a)(1)). His motion to strike the "strike priors" was denied. Ellis was sentenced to an indeterminate term of 31 years to life, consisting of 25 years to life as a third strike offender, one year for the use of the weapon and five years for the serious felony prior.

Ellis filed a petition for resentencing under section 1172.75. The prison priors which would have been a subject of such petition had already been stricken and did not form a part of the sentence. The trial court summarily denied the petition for resentencing, finding Ellis was not eligible for relief under the statute.

Ellis filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Ellis the opportunity to file his own brief on appeal. Ellis has responded by filing a letter brief. We will discuss his submission later in this opinion.

## DISCUSSION[2]

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified a possible issue that was considered in evaluating the potential merits of this appeal: Whether Ellis's sentence may be recalled.

In his submission, Ellis maintains he should be resentenced, but under a theory which is different than that which was presented to the trial court. Now, Ellis appears to contend the original sentence violates section 654 in

---

[2] The facts of the original crime are not relevant to the issues in this appeal. We will omit a statement of facts.

2

that it constitutes multiple punishment. Such reasoning appears to be based on the third strike sentence. The argument is that using prior robbery convictions to increase his latest robbery sentence constitutes multiple punishment in violation of section 654. Regardless of the merits, if any, of such argument, the petition for resentencing was based on different statutory grounds. It does not raise any arguable issues for reversal on appeal.

We have reviewed the entire record, consistent with *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Ellis on this appeal.

DISPOSITION

The order denying Ellis's petition for resentencing is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:


DATO, J.


DO, J.

3